UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS BRENT FIELDS, CDCR #V-46240,<br><br>        Plaintiff,<br><br>vs.<br><br>JEFF MACOMBER; KATHLEEN ALLISON; RAYMOND MADDEN; MRS. WARMSLEY; GRANT; MRS. HUBBARD; MRS. BROWN; MRS. OLMEDA; MR. HENDERSON,<br><br>        Defendants. | Case No.: 3:23-cv-02107-CAB-BLM<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) (2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND (3) DENYING MISCELLANEOUS MOTIONS AS MOOT**<br><br>**[ECF Nos. 2, 3]** |

   Plaintiff Marcus Brent Fields, who is proceeding pro se and currently incarcerated at Kern Valley State Prison, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  While his Complaint is difficult to decipher, Plaintiff appears to claim that prison officials and librarians employed at four different California prisons have violated his right to access to the court by denying him adequate access to facility libraries, legal research materials, and photocopies. (*Id.* at 1–2, 4–6.)  He seeks injunctive relief in the form of court-ordered priority library user ("PLU") status, and asks to

"reinstate" several prior civil actions he filed both in this Court and in the Southern District of New York against the CEO of Pfizer, whom he claimed was liable for producing tainted Covid-19 vaccines. (*Id.* at 8, 11–24, 31–35.) Fields did not pay the full civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed suit; instead he filed a Motion to Proceed *In Forma Pauperis* ("IFP"), followed by a motion requesting leave to add exhibits and other forms of preliminary relief. (*See* ECF Nos. 2, 3.)

I.     **MOTION TO PROCEED IFP**

   A.     Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.*

In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

/ / /

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial.  Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).  "When … presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido,* 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury."  *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

B.  <u>Discussion</u>

The Court has reviewed Fields's Complaint and his exhibits and finds they contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff claims, among other things, that prison officials and librarians at his former prisons—Richard J. Donovan Correctional Facility ("RJD"), California State Prison Sacramento ("SAC"), California Men's Colony ("CMC") and California State Prison Los Angeles County ("LAC")—all limited his "heavy litigation" law library usage in "discriminat[ory]" and "oppressive" ways. (*See* Compl. at 2, 5.)

These allegations do not support an exception to § 1915(g). *See Cervantes*, 493 F.3d at 1057; *see e.g., Simmons v. Kishbaugh*, No. 2:19-cv-1650-TLN-EFB P, 2020 WL 1853038, at *1 (E.D. Cal. Apr. 13, 2020) ("plaintiff alleges an access to courts claim . . . which fails to demonstrate that plaintiff was under imminent danger of serious physical injury when he filed this action"); *Thomas v. Parks*, No. 1:16-cv-01393-LJO-JLT (PC) 2018 WL 4373021, at *2 (E.D. Cal. Sept. 13, 2018) ("Plaintiff's allegations in this action are based largely on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation . . . access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury").

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. That is the case here.

Based on a review of its own dockets and other court proceedings publicly available on PACER,[1] the Court finds that Plaintiff Marcus Brent Fields, identified as CDCR Inmate #V-46240, while incarcerated, has had four prior civil actions and/or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

///

---

[1] A court may take judicial notice of its own records*, see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

They are:

(1) *Fields v. Newsom, et al.*, Civil Case No. 3:22-cv-00044-LL-MDD (S.D. Cal. May 16, 2022) (Order dismissing civil action without leave to amend for failing to state a claim upon which § 1983 relief can be granted and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)) (ECF No. 18) (strike one);

(2) *Fields v. Newsom, et al.*, No. 22-55519 (Order dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)) (9th Cir. Nov. 17, 2022) (Dkt. No. 30) (strike two);

(3) *Fields v. Bouria, et al.*, Civil Case No. 3:22-cv-01656-JLS-MSB (S.D. Cal. Nov. 18, 2022) (Order dismissing civil action without leave to amend for failing to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)) (ECF No. 14) (strike three); and

(4) *Fields v. Bouria, et al.,* No. 22-56171 (Order dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)) (9th Cir. May 18, 2023) (Dkt. No. 17) (strike four).

Accordingly, because Plaintiff has accumulated four prior dismissals—all qualifying as strikes under § 1915(g)—and fails to make any "plausible allegations" of imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II.  CONCLUSION AND ORDERS

For the reasons discussed, the Court:

(1)  **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

///

(2) **DISMISSES** this civil action *sua sponte* without prejudice for failing to prepay the $402 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3) **DENIES** Plaintiff's Motions to Add Exhibits and/or to Dismiss for Mediation for Summary Judgment (ECF No. 3) as moot;

(4) **CERTIFIES** that an IFP appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(5) **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  December 19, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge